UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| PAULRIQUES BRIDGEFORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: |
| | ) |
| JCF HOUSEMENTS MANUFACTURING, LLC, JCF LIVING, LLC, JOHN FITZMAURICE, and RYAN FITZMAURICE, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendant and alleges the following:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1367.

2. Defendant JCF Housements Manufacturing, LLC ("JCF Housements") is a Delaware limited liability company with its principal address at 63 East Park Drive, Fayetteville, Tennessee, 37337. Its registered agent for service of process is Cogency Global, Inc., 992 Davidson Drive, Suite B, Nashville, Tennessee, 37205.

3. Defendant JCF Living, LLC ("JCF Living") is a Delaware limited liability company with its principal address at 2210 Spedale Court, Spring Hill, Tennessee, 37174. Its registered agent for service of process is JCF Living, LLC, 2210 Spedale Court, Spring Hill, Tennessee, 37174.

4. Defendant JCF Housements is wholly owned by Defendant JCF Living.

5. Defendant JCF Housements manufactures housing structures at a facility located in Fayetteville Tennessee. These housing structures are supplied to Defendant JCF Living for use in housing developments that are planned and executed by JCF Living.

6. Accordingly, Defendants JCF Housements and JCF Living engage in related activities performed for a common business purpose.

7. JCF Living has housing developments in Lincoln County, Tennessee, in other areas of Tennessee, and in other states.

8.. Defendant John Fitzmaurice is the Chief Executive Officer (CEO) of both JCF Housements and JCF Living.

9. Defendant Ryan Fitzmaurice is the Senior Vice President of Operations of both JCF Housements and JCF Living.

10. Defendant John Fitzmaurice is a member/owner of Defendant JCF Living, and he has operational control of both JCF Housements and JCF Living.

11. Defendant Ryan Fitzmaurice also has operational control of Defendants JCF Housements and JCF Living.

12. Defendant John Fitzmaurice has authority and control over employment matters at JCF Housements and JCF Living, and he is involved in the decisions concerning the payment of wages and benefits to employees of JCF Housements and JCF Living.

13. Defendant Ryan Fitzmaurice has authority and control over employment matters at JCF Housements and JCF Living, and he is involved in the decisions concerning the payment of wages and benefits to employees of JCF Housements and JCF Living.

14. Defendants JCF Housements and JCF Living share financial and other resources.

15 Accordingly, Defendants JCF Housements and JCF Living operate through common control and a unified operation.

16. Plaintiff was employed by Defendant JCF Housements as a purchasing manager at its Fayetteville facility from May 16, 2022 until June 16, 2023.

17. Defendants agreed to pay Plaintiff a salary of $100,000 a year.

18. Defendants also agreed to provide Plaintiff paid vacation.

19. Defendants agreed that if Plaintiff's employment was terminated, he would receive a payment for all accrued vacation time.

20. Although Plaintiff worked through June 16, 2023, Defendants only paid Plaintiff his agreed-upon salary through April 15, 2023.

21. Accordingly, Plaintiff received no compensation whatsoever for the work her performed while employed by Defendants from April 16, 2023 through June 16, 2023.

22. Defendants also failed to pay Plaintiff his accrued vacation time, which amounts to three weeks of pay.

**Count 1—Violation of Fair Labor Standards Act—Minimum Wage Violations**

23. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-22 above.

24. Each Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

25. Plaintiff was an "employee" of each Defendant as defined by Section 203(e)(1) of the FLSA.

26, Defendants are an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendants have annual gross volume of sales which exceed $500,000.00.

27. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendants.

28. Pursuant to Section 206(a)(1)(C) of the FLSA, Defendants were required to pay Plaintiff a minimum wage of at least $7.25 an hour for the hours he worked each week.

29. Defendants' failure to pay Plaintiff any compensation for the work he performed during the period from April 16, 2023 through June 16, 2023 is a violation of Section 206(a)(1)(C) of the FLSA.

30. Pursuant to Section 216(b) of the FLSA, Defendants are liable to Plaintiff for back pay in the amount of the minimum wages he is owed.

31. In addition to the amount of unpaid minimum wages owing to Plaintiff, he is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

32. Plaintiff is entitled to an award of at'torneys' fees and costs pursuant to 29 U.S.C. § 216(b).

### Count 2—Breach of Contract Under Tennessee State Law

33. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-32 above.

34. Defendants' agreement to pay Plaintiff a salary of $100,000 a year for his work while he was employed by Defendants is an enforceable contract under Tennessee law.

35. Defendants' agreement to pay Plaintiff for his accrued vacation time upon termination is an enforceable contract under Tennessee law..

36. By failing to pay Plaintiff any compensation for the work he performed while employed by Defendants from April 16, 2023 through June 16, 2023, Defendants breached their contract with Plaintiff.

37. By failing to pay Plaintiff for three weeks of accrued vacation after his employment was terminated, Defendants breached their contract with Plaintiff.

38. As a result of Defendants' breach of contract, Plaintiff sustained and is entitled to recover damages amounting to the compensation he is owed for the work he performed during the period from April 16, 2023 through June 16, 2023, at the agreed-upon salary of $100,000 a year.

39. As a result of Defendants' breach of contract, Plaintiff sustained and is entitled to recover damages amounting to three weeks of accrued vacation time.

## Prayer for Relief

WHEREFORE, Plaintiff prays for a judgment against Defendants for damages that include the following:

(a) minimum wage back pay;

(b) liquidated damages in an amount equal to his minimum wage back pay;

(c) unpaid wages as damages resulting from Defendants' breach of contract;

(d) unpaid accrued vacation time resulting from Defendants' breach of contract;

(e) interest;

(f) reasonable attorney's fees and costs; and

(g) all other general legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr. (TN 013839)
4525 Harding Pike, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

<pre>
                              /s/ John McCown
                              John McCown (GA 486002)
                              Warren & Griffin, P.C.
                              300 West Emery Street, Suite 108
                              Dalton, GA 30720
                              (706) 529-4878
                              (706) 529-3890 (facsimile)
                              john.mccown@warrenandgriffin.com

                              Attorneys for Plaintiff
</pre>